**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 10, 2017

Zechariah L. Coates
7840 Levy Court
Apt. 622
Pasadena, Maryland 21122

Stacey Winakur Harris
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

      RE:    *Zechariah L. Coates v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-1389

Dear Mr. Coates and Counsel:

      On May 9, 2016, Plaintiff Zechariah L. Coates petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment and the documents Mr. Coates filed in response. (ECF Nos. 26, 31, 32). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Coates filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 6, 2012. (Tr. 235-45). His claims were denied initially and on reconsideration. (Tr. 90-94, 96-100, 102-09, 111-18). Hearings were held on April 17, 2014 and September 18, 2014, before an Administrative Law Judge ("ALJ").[1] (Tr. 30-88). Following the hearings, the ALJ determined that Mr. Coates was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-29). The Appeals Council

---

[1] The second hearing was held for the purposes of (1) allowing Mr. Coates an opportunity to address records from a consultative examination ordered after the first hearing, and (2) giving Mr. Coates an additional opportunity to submit medical records. (Tr. 67-88). Mr. Coates was not represented by counsel at either hearing.

*Zechariah L. Coates v. Commissioner, Social Security Administration*
Civil No. SAG-16-1389
March 10, 2017
Page 2

("AC") denied Mr. Coates's request for review, (Tr. 5-8), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Coates suffered from the severe impairments of degenerative disc disease, spondylosis, vision loss (left eye), and obesity. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Coates retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) with the additional limitation that he can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing, and that has a sit/stand option that allows him to sit or stand alternately at 45-minute intervals, provided this person remains on task while in either position during the work period. He can perform jobs that require frequent handling and fingering with his right hand. He can perform jobs that do not require depth perception.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Coates could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 23-24).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Coates's favor at step one and determined that he has not engaged in substantial gainful activity since his alleged onset date. (Tr. 17); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Coates claimed prevented him from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). After finding at least one of Mr. Coates's impairments severe, (Tr. 17), the ALJ continued with the sequential evaluation and considered, in assessing Mr. Coates's RFC, the extent to which his impairments limited his ability to work. Specifically, in considering Mr. Coates's allegation of "stress" as a mental health impairment, the ALJ applied the special technique for evaluation of mental impairments, but found no limitation in the relevant functional areas. (Tr. 17-18).

At step three, the ALJ determined that Mr. Coates's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 19-24). In particular, the ALJ considered the specific requirements of Listings 1.04 (disorders of the spine) and 2.04 (loss of visual efficiency). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.04, 2.04. (Tr.

19). The ALJ identified the precise elements of each listing that had not been satisfied. *Id.* I have carefully reviewed the record, and I agree that no listings are met.

In considering Mr. Coates's RFC, the ALJ summarized his subjective complaints from his hearing testimony. (Tr. 20). The ALJ then engaged in a detailed review of his medical records and objective testing. (Tr. 20-21). The ALJ relied heavily on the results of a 2014 consultative examination, in which the doctor reported that Mr. Coates "sat comfortably throughout the evaluation, handled objects freely, and hears and speaks without difficulty" despite issues with ambulation and movement. (Tr. 21). Based on this evidence, and Mr. Coates's testimony that he thought he could perform sedentary work but had been unable to procure such employment, the ALJ determined that Mr. Coates was capable of sustaining sedentary work. The ALJ also evaluated the opinions of the State agency consultants, and assigned "little weight" to their conclusions that Mr. Coates could perform light work, given the evidence from the consultative examination and the examination from Mr. Coates's treating physician, Dr. Kozachuk. (Tr. 22).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Coates's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find the ALJ's RFC determination that Mr. Coates could perform sedentary work was supported by substantial evidence.

Next, the ALJ determined that, pursuant to his RFC assessment, Mr. Coates was unable to perform his past relevant work as a stock clerk and security guard. (Tr. 22-23). Accordingly, the ALJ proceeded to step five and considered the impact of Mr. Coates's age and level of education on his ability to adjust to new work. *Id.* In doing so, the ALJ cited the VE's testimony that a person with Mr. Coates's RFC would be capable of performing the jobs of "charge account clerk," "order clerk," and "security surveillance monitor." (Tr. 24). Based on the VE's testimony, the ALJ concluded that Mr. Coates was capable of successfully adjusting to other work that exists in significant numbers in the national economy. *Id.* Accordingly, I find that the ALJ's determination was supported by substantial evidence.

In support of his request for remand, Mr. Coates has filed two separate reports from his treating neurologist, Dr. Kozachuk. [ECF Nos. 31, 32]. Because those reports were not provided to the Commissioner in the underlying proceedings, they can only be considered under sentence six of 42 U.S.C. § 405(g), which provides:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). When invoking sentence six, a court does not either affirm or reverse the Commissioner's decision. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.*

Importantly, a reviewing court must find that four prerequisites are met before a case can be remanded to the Commissioner on the basis of new evidence: "(1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court." *See Blair ex rel. J.D.S. v. Astrue*, Civil No. 1–10cv–1476–RMG–JDA, 2012 WL 1016633, at *4 (D.S.C. Feb. 29, 2012) (*citing Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)); 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). In this case, Dr. Kozachuk's November 21, 2016 opinion pertains only to the period between November 21, 2016 and December 31, 2017. [ECF No. 31]. That opinion, then, is not material to the Commissioner's decision two years earlier on October 3, 2014, and could only be relevant to considering a subsequent application for benefits. Dr. Kozachuk's earlier opinion, dated April 3, 2016, discusses Mr. Coates's impairment dating from March 6, 2011 through December 31, 2016, and therefore is arguably relevant. [ECF No. 32]. However, as to that report, Mr. Coates has not established "good cause" for his failure to submit the evidence when the claim was before the Commissioner. Although there were some minimal records from Dr. Kozachuk contained in the original record, no opinion evidence was proffered. Accordingly, in the absence of a showing of good cause for the failure to submit the evidence to the ALJ or the AC, remand under sentence six is inappropriate.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 26) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge